Clerk's Office
Filed Date: 5/18/23

U.S. DISTRICT COURT
EASTERN DISTRICT OF
NEW YORK
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X

RISE DEVELOPMENT PARTNERS, LLC, :
*et al.*,                                                                :        **MEMORANDUM DECISION AND**
                                                                             :        **ORDER**
                                             Plaintiffs,          :
                                                                             :        23-cv-2433 (BMC)
                  - against -                                 :
                                                                             :
                                                                             :
SIGNATURE BANK, *et al.*,                            :
                                                                             :
                                            Defendants.       :
-------------------------------------------------------- X

**COGAN**, District Judge.

Presently before me is the motion of the Federal Deposit Insurance Corporation, as Receiver for Signature Bank, for an Order transferring this case to the Southern District of New York pursuant to 28 U.S.C. § 1404(a).  Plaintiffs have not opposed the motion.  The procedural background of the case is a little bit complicated but the motion is not.  The parties have a forum selection clause in their multiple agreements which, as the state court already determined, covers plaintiffs' complaint.  The motion to transfer is therefore granted in the interests of justice.

## BACKGROUND

Plaintiffs commenced this action in Supreme Court, Kings County, prior to Signature Bank going into receivership, alleging lender liability claims against Signature and its affiliated entities, principally that Signature had fraudulently or negligently induced plaintiffs to borrow money from it and had breached plaintiffs' various account agreements.  After fairly extensive litigation, the state court entered an order granting Signature's motion to transfer the case to the Supreme Court, New York County, based on the forum selection clause.  Plaintiffs took an interlocutory appeal from that order, as permitted under New York practice.

The FDIC then was appointed as receiver for Signature.  At that point, the Kings County clerk had not effectuated the transfer to New York County, which meant that despite the transfer order, the case was still technically pending in Kings County.  Properly invoking 28 U.S.C. § 1446(a), the FDIC removed the case here, to the Eastern District of New York, as the federal court encompassing Kings County.  Plaintiffs moved to remand on the ground that only state law issues were presented, but I denied that motion because plaintiffs' characterization was not accurate.  The FDIC has moved to transfer venue, and here we are.

The forum selection clause in all the parties' agreements is reasonably broad:

> You agree to commence any action or proceeding against Bank relating to this Agreement regarding performance or non-performance, ONLY in a court of competent subject matter jurisdiction (State or Federal) located within the State of New York and the County of New York, which shall be the exclusive venue and forum for all litigations between you and the Bank regarding or in any way relating to this Agreement.

## DISCUSSION

Section 1404(a) of the Judicial Code provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  In the context of § 1404(a), the general rule is that forum selection clauses are enforced, see Weiss v. Columbia Pictures Television, 801 F. Supp. 1276, 1278 (S.D.N.Y. 1992), unless it can be shown that enforcement "would be unreasonable and unjust, or that the clause is otherwise invalid for such reasons as fraud or overreaching," Bense v. Interstate Battery Sys. of Am., Inc., 683 F.2d 718, 721-22 (2d Cir. 1982).  In addition, "once a mandatory forum selection clause is deemed valid, the burden shifts to the plaintiff to demonstrate exceptional facts explaining why he should be relieved from his contractual duty."  Weiss, 801 F. Supp. at 1278.  In cases like this one, where

the two potential fora are the Eastern District of New York and the Southern District of New York, this shifting burden is important because, due to the proximity of the two districts, the other factors usually considered under § 1404(a) will often be a wash.

Plaintiffs' failure to respond to the FDIC's motion, coupled with the burden on plaintiff to show why the case should not be transferred in light of the forum selection clause, is probably sufficient cause by itself to grant the FDIC's motion.  Nevertheless, as a matter of courtesy to the potential transferee court, I have reviewed the arguments plaintiffs made in state court to oppose the transfer from Kings County to New York County: (1) plaintiffs' complaint sounds primarily in tort, and the forum selection clause only covers breach of contract claims arising out of ordinary account activity; and (2) because, in another clause, plaintiffs also consented to non-exclusive personal jurisdiction in New York County under the agreements, the forum selection clause was non-exclusive and gave them the right to sue in Kings County.

The second argument is easily disposed of.  This is a mandatory one-way forum selection clause – that is, it operates to limit plaintiffs' choice of fora to federal or state court in New York County, but it does not constrain Signature.  The pronoun in "*You* agree to commence any action . . ." refers to plaintiffs.  As to plaintiffs' consent to personal jurisdiction, that strengthens the exclusivity of the forum selection clause: plaintiffs have to sue in New York County, but they consent to having Signature sue them either in New York County or anywhere else they may be found.  I see nothing oppressive about this kind of one-way clause where plaintiffs reside in Kings County, just across the river from New York County, and in the same state as the forum to which they have contractually agreed.

Only slightly more complex is plaintiffs' argument that the clause only applies to contract claims, and plaintiffs' complaint sounds in tort.  It is true that the complaint uses the language of

outrage atypical in contract cases, and of the 16 claims for relief, only one is labeled "Breach of Contract." But the complaint is replete with references through all of the claims to the "contractual relationship" between the parties, about how the duties plaintiffs' ascribe to Signature arose from the contract, and how the basis for every claim was the existence of the contractual relationship. The forum selection clause is not confined to contract versus tort actions; it simply says the claims must in some way "relat[e]" to the contract. The claims here easily meet that standard. See Scherillo v. Dun & Bradstreet, Inc., 684 F. Supp .2d 313, 323 (E.D.N.Y. 2010) ("Nor is the clause's application affected by the fact that plaintiff brings his claims in tort, not contract, because plaintiff's negligence claims ultimately depend on the contract he entered into with defendants." (quoting Bluefire Wireless, Inc. v. CloudNine Comms., No. 09-cv-7268, 2009 WL 4907060, at *3 (S.D.N.Y. Dec. 21, 2009) ("[A] forum selection clause will also encompass tort claims if the tort claims ultimately depend on the existence of a contractual relationship between the parties, or if the resolution of the claims relates to interpretation of the contract, or if the tort claims involve the same operative facts as a parallel claim for breach of contract." (internal citations and quotation marks omitted)))).

Because of the applicability of the forum selection clause and the proximity of the proposed transferee district (indeed, the proposed transferee courthouse, which is visible to me as I write this decision in Chambers), I see no need to discuss each of the convenience factors typically considered in a § 1404(a) analysis. It suffices to note that by defaulting on this motion, plaintiffs have pointed to no factors that would warrant a contrary result.

Finally, as a heads-up to my colleague who will receive this case on transfer, I would note that plaintiffs' failure to oppose the motion is not the strangest thing they have done. After I denied their motion to remand, and after the FDIC moved to transfer, plaintiffs decided to

4

proceed in state court as if removal had never occurred.  They have made a motion to extend

their time to perfect their appeal from the state court transfer order in the Appellate Division,

Second Department, even though removal divested the state courts of jurisdiction over this case.

See New Orleans, M. & T.R. Co. v. Mississippi, 102 U.S. 135, 141 (1880); cf. Nasso v. Segal,

263 F. Supp. 2d 596, 609 (E.D.N.Y. 2003) ("[R]emoval divested state court of jurisdiction to

conduct further proceedings.").  Even more peculiar is that despite opposition from the FDIC, the

Second Department has granted the extension.  This is something that will need sorting out in the

transferee court.

## CONCLUSION

The FDIC's motion is granted, and the Clerk is directed to transfer this case to the

Southern District of New York.

**SO ORDERED.**

*Brian M. Cogan*

_____
                        U.S.D.J.

Dated: Brooklyn, New York
       May 18, 2023