UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

RISE DEVELOPMENT PARTNERS, LLC, ET
AL.,

                    Plaintiffs,

          - against -

SIGNATURE BANK, ET AL.,

                    Defendants.
_____

23-cv-4242 (JGK)

MEMORANDUM
OPINION AND ORDER

JOHN G. KOELTL, District Judge:

     The Federal Deposit Insurance Corporation ("FDIC"), in its
capacity as receiver for Signature Bank ("Signature"), moves for a
stay of this action pursuant to the Financial Institutions Reform,
Recovery and Enforcement Act ("FIRREA"), 12 U.S.C. § 1821(d). For
the following reasons, the FDIC-Receiver's motion is **granted.**

                              I.

     Unless otherwise noted, the following undisputed facts are
taken from the plaintiffs' amended complaint, ECF No. 1-2.

     Defendants Signature and its subsidiaries were a New York-
based bank and financial services institution serving privately
owned businesses. Compl. ¶¶ 25-29. The plaintiffs are New York-
based former customers of the defendants. Id. ¶¶ 3, 19-24. On
February 3, 2021, the plaintiffs commenced this action in New York
State Supreme Court, Kings County, alleging various causes of
action -- including negligence and breach of contract -- centered
around two transactions involving Signature employee Darshini

"Donna" Mahadeo. See generally id. The plaintiffs allege that Mahadeo induced them to (1) borrow money from an entity called HK Capital LLC at "usurious" rates, id. ¶¶ 47-51, and (2) lend money to Atlantic Construction, LLC, an entity that later defaulted on the loan, id. ¶¶ 57-63. On September 2, 2022, the state court granted the defendants' motion to transfer the action to the New York State Supreme Court, New York County, pursuant to forum selection clauses in the plaintiffs' account agreements with the defendants. ECF No. 1-4.

On March 12, 2023, before the transfer to New York County was effectuated, the New York State Department of Financial Services closed Signature and appointed the FDIC as the Bank's Receiver. Orsini Decl. I, ECF No. 5 ¶ 4; see also ECF No. 1-1. This appointment assigned to the FDIC all of Signature's "rights, titles, powers, and privileges" and charged the FDIC-Receiver ("FDIC-R") with winding up Signature's affairs and resolving all outstanding claims against it. See 12 U.S.C. § 1821(d)(2)(A)(i), (d)(3). Also on March 12, 2023, the FDIC-R established Signature Bridge Bank, N.A. (the "Bridge Bank"), as a "bridge bank" to which the FDIC-R transferred "all the deposits and substantially all of the assets of Signature Bank." Orsini Decl. II, Ex. 1, ECF No. 28-1, at 2; see also id., Ex. 2, ECF No. 28-2 ("Transfer Agreement").[1]

---

[1] A bridge bank "hold[s] assets and liabilities of" a bank under FDIC receivership and "continues the operation of the other Institution's business pending its acquisition or liquidation." 26 C.F.R. § 1.597-1.

As relevant here, the Transfer Agreement specified that the FDIC-R would retain, and the Bridge Bank would have no liability for, any litigation in which the FDIC-R or Signature is a defendant. Transfer Agreement at 10. On March 19, 2023, the FDIC-R entered into a purchase and assumption agreement (or "PAA") with Flagstar Bank ("Flagstar"), a wholly owned subsidiary of New York Community Bancorp, Inc., in which Flagstar agreed to purchase and assume "substantially all deposits and certain loan portfolios" of Signature Bridge Bank. Orsini Decl. II, Ex. 3, ECF No. 28-3, at 2.

On March 29, 2023, the FDIC-R, having substituted into this action in place of Signature, removed the action to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1441(a) and 12 U.S.C. § 1819(b)(2)(B), which allows the FDIC to "remove any action, suit, or proceeding from a State court to the appropriate United States district court" within ninety days of the action being filed against the FDIC or the FDIC being substituted as a party. See ECF No. 1. On May 22, 2023, Judge Cogan of the Eastern District of New York granted the FDIC-R's motion to transfer the action to this Court pursuant to 28 U.S.C. § 1404(a). Rise Dev. Partners, LLC v. Signature Bank, No. 23-cv-2433, 2023 WL 3570663, at *3 (E.D.N.Y. May 18, 2023). Now before the Court is the FDIC-R's motion to stay

the action pending the plaintiffs' exhaustion of FIRREA's
administrative claims review process. ECF No. 3.[2]

## II.

FIRREA establishes an administrative claims review process
for the prompt and efficient resolution of claims brought against
a failed financial institution placed under receivership. 12
U.S.C. § 1821(d)(3)-(13). The administrative review process
applies to any claim (i) seeking payment from, or a determination
of rights with respect to, the assets of a failed bank for which
the FDIC has been appointed receiver, or (ii) relating to any act
or omission of such failed bank or the receiver.
Id. § 1821(d)(13)(D)(i)-(ii).[3]

If the FDIC-R elects to decide claims through the
administrative claims process, the FDIC-R must first publish and
mail a notice to the bank's creditors to present their claims by a

---

[2] Before the action was removed, the plaintiffs took an interlocutory appeal
from the state court transfer order to the New York State Supreme Court,
Appellate Division, as permitted under New York practice. After the action
was removed, the plaintiffs continued to pursue their state court appeal --
and the Appellate Division, Second Department, granted the plaintiffs'
motion to extend their time to perfect their appeal -- even though removal
divested the state courts of jurisdiction over this action. See Nasso v.
Seagal, 263 F. Supp. 2d 596, 609 (E.D.N.Y. 2003) ("[R]emoval divested the
state court of jurisdiction to conduct further proceedings . . . ."); 28
U.S.C. § 1446(d) (once an action is removed, "the State court shall proceed
no further unless and until the case is remanded"). As Judge Cogan noted,
"[t]his is something that will need sorting out in the transferee court."
Rise Dev. Partners, 2023 WL 3570663, at *2. On May 24, 2023, the Appellate
Division recalled and vacated its order granting the plaintiffs an extension
of time to perfect their appeal. ECF No. 23-1. Accordingly, there is nothing
more for the state court to resolve at this stage.

[3] Unless otherwise noted, this Memorandum Opinion and Order omits all
alterations, citations, footnotes, and internal quotation marks in quoted
text.

specified date, which cannot be less than ninety days after publication of the notice. Id. § 1821(d)(3). In this case, the FDIC-R has set a bar date of July 17, 2023, for filing claims against the Signature receivership. See Failed Bank Information for Signature Bank, New York, NY, FDIC, https://www.fdic.gov/resources/resolutions/bank-failures/failed-bank-list/signature-ny.html (last accessed July 5, 2023); see also Def.'s Mem., ECF No. 4, at 5. After a claim is filed, the FDIC-R has 180 days to determine whether to allow or disallow the claim. 12 U.S.C. § 1821(d)(5)(A). If the claim is disallowed, the claimant has sixty days after the date of the notice of disallowance to continue any pre-receivership litigation. Id. § 1821(d)(6)(B).

### III.

The FDIC-R seeks a stay of this action pending the plaintiffs' exhaustion of FIRREA's administrative claims process on the ground that the plaintiffs must exhaust their claims against the FDIC-R administratively before proceeding any further in court.

Courts are divided on the issue of whether FIRREA imposes a statutory exhaustion requirement on plaintiffs in pre-receivership lawsuits like this one. Bloom v. F.D.I.C., 738 F.3d 58, 61 n.1 (2d Cir. 2013) (declining to reach the question while acknowledging a circuit split); Jo v. JPMC Specialty Mortg., LLC, 248 F. Supp. 3d

417, 422 n.4 (W.D.N.Y. 2017) (acknowledging the unresolved split).
Nevertheless, courts in this Circuit have recognized that FIRREA
directs courts to stay pre-receivership lawsuits at the FDIC-R's
request. See, e.g., Cassese v. Washington Mut., Inc., No. 05-cv-
2724, 2009 WL 3599552, at *4 (E.D.N.Y. Apr. 6, 2009)
("FIRREA . . . permit[s], and even requires, a stay of proceedings
to allow for an orderly administrative claims review process.")
(collecting cases).

The plaintiffs do not dispute that their claims would
ordinarily be subject to FIRREA's administrative review process.
However, the plaintiffs contend that a stay is not appropriate
because their claims have passed to Flagstar pursuant to its PAA
with the FDIC-R. Pager Affirmation, ECF No. 26, at 1. It is true
that claims asserted against a failed bank placed under
receivership are no longer subject to FIRREA's administrative
review process when that bank's liabilities are assumed by a
purchasing bank. See, e.g., JPMC Specialty Mortg., 248 F. Supp. 3d
at 424 ("[B]ecause FIRREA does not contemplate administrative
review of claims that have passed to the purchasing bank, that
statute does not apply to any claims assumed by JPMC through
virtue of the P & A Agreement."); Fed. Hous. Fin. Agency v.
JPMorgan Chase & Co., 902 F. Supp. 2d 476, 502 (S.D.N.Y. 2012)
(finding FIRREA inapplicable because the liabilities at issue
passed from the receiver to the defendant pursuant to a PAA).

However, in this case, the Transfer Agreement between the FDIC-R and the Bridge Bank specifically states that the FDIC-R "retains, and the Bridge Bank has no interest in or liability for," as relevant here, "[l]itigation to the extent that either the Receiver or the Failed Bank is a defendant." Transfer Agreement at 10. Accordingly, the plaintiffs' claims remain properly asserted against the FDIC-R.

Because the FDIC-R has retained the asserted liabilities at issue in this litigation, the FDIC-R may require the plaintiffs to proceed on their claims pursuant to FIRREA's administrative review process upon giving notice and requesting a stay of proceedings, which the FDIC-R has done. ECF No. 3. Accordingly, the FDIC-R's motion for a stay pending the plaintiffs' exhaustion of the administrative claims process is **granted**.[4]

### CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed above, the arguments are either moot or without merit. For the reasons explained above, the FDIC-R's motion for a stay pending

---

[4] In the alternative to its request for a stay pending administrative exhaustion, the FDIC-R originally requested a mandatory ninety-day stay pursuant to 12 U.S.C. § 1821(d)(12)(B). ECF No. 3. However, because more than ninety days has passed after its appointment as receiver, the FDIC-R has conceded that the ninety-day stay is no longer applicable. Def.'s Reply, ECF No. 27, at 1 n.1; see also Praxis Props., Inc. v. Colonial Sav. Bank, S.L.A., 947 F.2d 49, 71 (3d Cir. 1991) (holding that the receiver was not entitled to a stay under § 1821(d)(12)(B) because more than ninety days had passed since its appointment).

administrative exhaustion is **granted.** This action is **stayed**
pending the plaintiffs' exhaustion of FIRREA's administrative
claims process. The Clerk is directed to close ECF No. 3.

**SO ORDERED.**

Dated:     New York, New York
           July 6, 2023

                                      John G. Koeltl
                               United States District Judge