```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
─────────────────────────────────────

**RISE DEVELOPMENT PARTNERS, LLC, ET AL.,**

                     **Plaintiffs,**

    - against -

**SIGNATURE BANK, ET AL.,**

                     **Defendants.**

**23-cv-4242 (JGK)**

<u>MEMORANDUM OPINION AND ORDER</u>

─────────────────────────────────────

**JOHN G. KOELTL, District Judge:**

    The plaintiffs—Rise Development Partners, LLC; Rise Capital, LLC; Rise Capital US, LLC; Rise Concrete, LLC; Lawrence Rafalovich; and Barry Caldwell—commenced this action against the defendants—Signature Bank; Signature Financial, LLC; Signature Securities Group Corp.; and Signature Public Funding Corp (collectively, "Signature")—in the Supreme Court of the State of New York, Kings County on February 3, 2021. <u>See</u> Notice of Removal, Ex. B ("Complaint") ¶ 3, ECF No. 1.[1] The plaintiffs alleged that the defendants fraudulently or negligently induced the plaintiffs to borrow money at usurious rates and to lend

---

[1] Lawrence Rafalovich, Barry Caldwell, and Rise Capital, LLC had no account with Signature. <u>See generally</u> Decl. in Supp. of Mot. to Change Venue, Ex. A ("Account Applications") at 28, 36, 44, ECF No. 18. These three plaintiffs are referred to, collectively, as the non-Accountholder Plaintiffs. The remaining plaintiffs are referred to, collectively, as the Accountholder Plaintiffs.

money to an entity that later defaulted on the loan. See id. ¶¶ 48-51, 56-62.

During the course of litigation, the Federal Deposit Insurance Corporation ("FDIC") was appointed as Signature Bank's receiver and was substituted for Signature Bank in this action. Signature Financial LLC, Signature Securities Group Corporation, and Signature Public Funding Corporation (collectively, the "Signature Subsidiaries") were acquired by Flagstar Financial & Leasing, LLC, Flagstar Advisors, Inc., and Flagstar Public Funding Corp. (collectively, "Flagstar"). Singh Decl. ¶ 7.

The FDIC removed the case to the Eastern District of New York and transferred the case to this Court. In an amended complaint, the plaintiffs asserted fifteen claims for various violations of state law arising out of the disputed borrower and lender transactions. The FDIC and Flagstar moved to dismiss the action. The plaintiffs did not oppose the motions. For the reasons that follow, the defendants' motions to dismiss are **granted** and the Amended Complaint is **dismissed with prejudice**.

## I.

Unless otherwise noted, the following facts are taken from the Amended Complaint, ECF No. 46, and are accepted as true for purposes of the motion to dismiss.

The plaintiffs allege that Signature "failed utterly at their duties and obligations." Am. Compl. ¶ 1.[2] Specifically, the plaintiffs seek damages for losses that resulted from the allegedly fraudulent conduct of a former bank employee for Signature, Darshini Mahadeo ("Mahadeo"). Id. ¶¶ 4-5. The plaintiffs allege that Mahadeo induced the plaintiffs to lend money to, to borrow money from, and to invest in other Signature customers. Id. ¶ 7.

The plaintiffs first met Mahadeo in May 2018. Id. ¶ 59. The plaintiffs allege that Signature represented to the plaintiffs that Signature would provide services to meet the plaintiffs' "banking and financial needs." Id. ¶¶ 61-62. The plaintiffs allege that Mahadeo and Signature assured the plaintiffs that Mahadeo would be the plaintiffs' point of contact, and that based on these assurances, among others, the plaintiffs were induced to enter into a professional banking relationship with Signature and its employees, including Mahadeo. Id. ¶¶ 62-65.

The Accountholder Plaintiffs agreed to be bound by the Signature Business Account Agreements and Disclosures booklet (the "Signature Booklet"). See Decl. in Supp. of Mot. to Change Venue ("Account Applications") at 28, 36, 44, ECF No. 18-1.

---

[2] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

Pursuant to the Signature Booklet, the Accountholder Plaintiffs agreed that in any action against Signature, their "sole right to any relief shall be limited to breach of contract." Decl. in Supp. of Mot. to Change Venue ("Signature Booklet") at 59 § I(34), ECF No. 18-1. The Accountholder Plaintiffs also agreed that, "in no event" shall they "claim or shall [Signature] Bank be liable for special, punitive, indirect or consequential damages" or any "attorney's fees and expenses of litigation." Id. Additionally, the Signature Booklet required signatories to "commence any legal action or proceeding against the Bank with respect to any Account or this Agreement within . . . one year of the date of the occurrence of the event that is the subject matter of the action." Id. at 60 § I (36).

The plaintiffs' allegations focus on two contractual agreements: the first, with HK Capital, LLC ("HK Capital"), see Am. Compl. ¶¶ 67-77, and the second, with Atlantic Construction Co., LLC ("Atlantic"), see id. ¶¶ 79-92. The plaintiffs allege that the terms of the plaintiffs' loan from HK Capital were "usurious, unjust and contrary to the laws of the State of New York." Id. ¶ 71. The plaintiffs further allege that the plaintiffs were induced to extend loans to Atlantic, and that Atlantic subsequently defaulted on the loans. See id. ¶¶ 79-92.

On March 12, 2023, the New York State Department of Financial Services closed Signature Bank and appointed the FDIC

4

as its receiver. Id. ¶ 1. The FDIC succeeded by operation of law to "all rights, titles, powers and privileges" of Signature Bank. Id. ¶ 2. Flagstar acquired the Signature Subsidiaries. Singh Decl. ¶ 7.

On March 29, 2023, the FDIC-R removed this action to the United States District Court for the Eastern District of New York, see Notice of Removal, and then moved to transfer the case to the Southern District of New York pursuant to 28 U.S.C. § 1404(a). The court granted the motion to transfer. See Rise Development Partners, LLC v. Signature Bank, No. 23-cv-2433, 2023 WL 3570663, at *1 (E.D.N.Y. May 18, 2023).

On March 4, 2024, the plaintiffs filed an Amended Complaint. In the Amended Complaint, the plaintiffs assert fifteen causes of action, including negligence and gross negligence ("Count 1"); negligent hiring, supervision, and retention ("Count 2"); negligence in the detection, investigation, and prevention of the wrongful acts ("Count 3"); fraud ("Count 4"); a derivative claim for fraud ("Count 5"); aiding and abetting ("Count 6"); a derivative claim for aiding and abetting ("Count 7"); professional malpractice in banking, lending, and financial advice ("Count 8"); a derivative claim for professional malpractice ("Count 9"); breach of fiduciary duties ("Count 10"); a derivative claim for breach of fiduciary duty ("Count 11"); breach of contract ("Count 12"); conversion

5

("Count 13"); unjust enrichment ("Count 14"); and accounting ("Count 16"). The plaintiffs also included a prayer for relief in the form of compensatory and punitive damages, which they characterized as "Count 17." See id. ¶¶ 278-80.[3]

After the plaintiffs filed the Amended Complaint, both the FDIC and Flagstar moved to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). See ECF No. 49, 52. The plaintiffs did not oppose the defendants' motions despite receiving multiple deadline extensions.

## II.

In deciding a Rule 12(b)(6) motion to dismiss, the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While the Court should construe the factual allegations

---

[3] The Amended Complaint professes to assert seventeen causes of action but includes only fifteen claims.

in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id.

In this case, the plaintiffs failed to file a timely response to the defendants' motion to dismiss. However, an unopposed motion may not be granted solely because it is unopposed. See McCall v. Pataki, 232 F.3d 321, 323 (2d Cir. 2000) (stating that a district court may not dismiss a complaint solely on the ground that the plaintiff did not respond to the motion to dismiss). Therefore, this Court has assessed whether the plaintiffs' amended complaint sufficiently states a claim on which relief can be granted. It does not.

### III.

The FDIC contends that the plaintiff's complaint should be dismissed on four grounds. See FDIC Def. Mem. in Supp. of Mot. to Dismiss ("FDIC Mem.") at 10-23, ECF No. 50. First, the FDIC argues that the Accountholder Plaintiffs' claims are time-barred. See id. at 10. Second, the FDIC argues that Account Holders' breach of contract claim is precluded by the Signature Booklet. See id. at 11. Third, the FDIC argues the plaintiffs failed to state a breach of contract claim. See id. at 11.

Fourth, the FDIC argues that the plaintiffs failed to state plausibly the remaining claims for relief. See id. at 12.

**A.**

All the Accountholder Plaintiffs' claims are time barred. The Signature Booklet requires that the plaintiffs commence any legal action against Signature with respect to any account "within . . . one year of the date of the occurrence of the event that is the subject matter of the action or proceeding." Signature Booklet at 60 § I(36). The events that give rise to the plaintiffs' claims took place between May 2018 and July 2019. See Am. Compl. ¶¶ 59-78. Therefore, the plaintiffs were required to bring their claims no later than July 2020.[4]

The plaintiffs commenced this action on February 3, 2021—more than one year and six months after the events giving rise to their claims and more than one year and four months after they received actual notice of the facts underlying those claims. See ECF Nos. 1-6. The Accountholder Plaintiffs' claims should therefore be dismissed as time-barred in their entirety. See Zarate v. Chase Bank, No. 22-cv-1178, 2023 WL 5956334, at *5

---

[4] The Signature Booklet did not contain a notice requirement in connection with the statute of limitations. But in any event, the plaintiffs' counsel demonstrated actual notice of the alleged injury by September 25, 2019. See Orsini Decl. ¶ 4, ECF No. 51, thereby triggering the statute of limitations, see, e.g., Veal v. Geraci, 23 F.3d 722, 725 (2d Cir. 1994) (imputing plaintiff's attorney's knowledge to the plaintiff and dismissing claims as time-barred).

(E.D.N.Y. Sept. 13, 2023) (dismissing breach of contract claim where plaintiff filed suit after the statute of limitations period provided for in the bank deposit account agreement).

**B.**

Further, the Accountholder Plaintiffs waived all claims except their breach of contract claim (Count 12). The Accountholder Plaintiffs agreed that in any action against Signature, their "sole right to any relief shall be limited to breach of contract." See Signature Booklet at 59 § I(34). Accordingly, the Accountholder Plaintiffs are precluded from bringing any cause of action, other than the twelfth cause of action alleging breach of contract. Satterwhite v. Image Bank, Inc., No. 1-cv-7097, 2007 WL 2120429, at *1 (S.D.N.Y. July 20, 2007) ("It is well settled that a contractual limitation on liability is enforceable.").

**C.**

Additionally, the plaintiffs failed to state claim with respect to the non-waived breach of contract claim. See Am. Compl. ¶¶ 255-259. To succeed on a breach of contract claim under New York law, a plaintiff must show "(1) the formation of an agreement; (2) performance by one party; (3) breach of the agreement by the other; and (4) damages." Caro Cap., LLC v. Koch, No. 20-cv-6153, 2021 WL 1595843, at *6 (S.D.N.Y. Apr. 23, 2021). "New York courts require plaintiffs to plead the

provisions of the contract upon which the claim is based—in other words, a complaint in a breach of contract action must set forth the terms of the agreement upon which liability is predicated." Anders v. Verizon Commc'ns, No. 16-cv-5654, 2018 WL 2727883, at *8 (S.D.N.Y. June 5, 2018).

In this case, the plaintiffs failed to specify the contract provisions that the defendants allegedly breached. See Am. Compl. ¶¶ 255-59. This is particularly true for the non-Accountholder Plaintiffs, where no contract with Signature exists.

### D.

While only the Accountholder Plaintiffs' claims are time-barred and waived pursuant to the Signature Booklet, the defendants correctly argue that the plaintiffs' remaining claims should be dismissed for failing to state a claim upon which relief can be granted. See FDIC Mem at 12-23.

### 1.

The plaintiffs allege negligence and gross negligence in Counts 1-3. See Am. Compl. ¶¶ 99-179. But the plaintiffs did not allege adequately that the defendants had actual or constructive knowledge of Mahadeo's wrongful acts. Without actual or constructive knowledge, the plaintiffs have not stated a claim for negligent hiring and retention. See, e.g., Frederick v. Wells Fargo Home Mortg., No. 13-cv-7364, 2015 WL 1506394, at *14

10

(E.D.N.Y. March 30, 2015) (citing Ehrens v. Lutheran Church, 385 F.3d 232, 235 (2d Cir. 2004)). Moreover, the plaintiffs' negligent detection, investigation, and prevention claim—Count 3—is not cognizable under New York law. See Juerss v. Millbrook Cent. Sch. Dist., 77 N.Y.S.3d 674, 676 (App. Div. 2018); Brown v. State, 841 N.Y.S.2d 698,706 (App. Div. 2007).

Additionally, the Accountholder Plaintiffs' negligence claims are duplicative of the breach of contract claim. See Gilmartin v. Castillo, 2006 WL 5112824 (Sup. Ct. Nov. 21, 2006) (plaintiff's tort claims are "contractual in nature" and must be dismissed because he alleges "nothing autonomous from the breach of contract"); Collier v. Home Plus Assocs., Ltd., 2007 WL 4793201, at *5 (Sup. Ct. Dec. 21, 2007) ("[A] mere breach of a contract does not give rise to a [negligence] cause of action unless a legal duty independent of the contract has been violated."). Accordingly, Counts 1-3 are dismissed for failure to state a claim.

2.

In Counts 4 and 5, the plaintiffs assert claims of fraud. See Am. Compl. ¶¶ 180-228. Under New York law, "[t]he elements of a cause of action for fraud require a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff[,] and damages." Eurycleia Partners, LP v. Seward & Kissel, LLP, 910

11

N.E.2d 976, 979 (N.Y. 2009). Claims of fraud are subject to a heightened pleading standard, and parties alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Accordingly, courts will grant motions to dismiss where plaintiffs fail to "(1) specify the statements that the plaintiff[s] contend[] were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." Verschleiser v. Frydman, No. 22-cv-7909, 2023 WL 5835031, at *16 (S.D.N.Y. Sept. 7, 2023).

In this case, the plaintiffs did not detail the "who, what, when, where, and why" of the defendants' alleged fraudulent actions, and therefore failed to plead Counts 4 and 5 with the required specificity. See id. at *12. Counts 4 and 5 are therefore dismissed.

### 3.

In Counts 6 and 7, the plaintiffs allege that the defendants aided and abetted a breach of fiduciary duty, conversion, fraud, and other wrongful conduct. See Am. Compl. ¶¶ 229-37. But the plaintiffs do not sufficiently allege defendant's actual knowledge of and substantial assistance in these wrongful acts. Under New York law, "aiding and abetting a breach of fiduciary duty, aiding and abetting a conversion, and aiding and abetting a fraud require the existence of a primary

12

violation, actual knowledge of the violation on the part of the aider and abettor, and substantial assistance." Zamora v. JPMorgan Chase Bank, N.A., No. 14-cv-5344, 2015 WL 4653234, at *3 (S.D.N.Y. July 31, 2015), aff'd sub nom., Zamora v. FIT Int'l Grp. Corp., 834 F. App'x 622 (2d Cir. 2020).

The plaintiffs' catch-all "aiding and abetting" claims must be dismissed because the plaintiffs failed to plead the primary violations, and alleged nothing to show that the defendants had actual knowledge of Mahadeo's conduct or took "affirmative steps" to enable it. See Raghavendra v. Brill, No. 600002/2011, 2014 WL 413810, at *6 (Sup. Ct. Jan. 31, 2014). Counts 6 and 7 are therefore dismissed.

**4.**

The plaintiffs have also failed to state a claim for malpractice, as alleged in Counts 8 and 9. See Am. Compl. ¶¶ 238-244. Financial institutions are not considered "professionals" subject to malpractice claims. See, e.g., Giordano v. UBS, AG, 134 F. Supp. 3d 697, 710 (S.D.N.Y. 2015) ("UBS cannot be liable for malpractice."); Deutsche Bank Sec., Inc. v. Rhodes, 578 F. Supp. 2d 652, 670 (S.D.N.Y. 2008) (banks are not "professionals" for malpractice purposes). Counts 8 and 9 are therefore dismissed.

**5.**

With respect to Counts 10 and 11, the plaintiffs' general and conclusory allegations do not establish the existence of a fiduciary duty or its breach. See Am. Compl. ¶ 245-54. "Under New York law, the elements of a claim for breach of fiduciary duty are: (i) the existence of a fiduciary duty; (ii) a knowing breach of that duty; and (iii) damages resulting therefrom." Childers v. N.Y. & Presbyterian Hosp., 36 F. Supp. 3d 292, 306 (S.D.N.Y. 2014). "[T]he elements of a breach of fiduciary duty based in fraud must be plead with particularity." Abercrombie v. Andrew Coll., 438 F. Supp. 2d 243, 274 (S.D.N.Y. 2006).

In this case, the plaintiffs allege general claims about the defendants' wrongdoing, which do not satisfy the requisite pleading standard. Moreover, none of the plaintiffs had a fiduciary relationship with the defendants. See, e.g., Acevado v. Citibank, N.A., No. 10-cv-8030, 2012 WL 996902, at *13 (S.D.N.Y. Mar. 23, 2012) (dismissing breach of fiduciary duty claim where "[plaintiffs] failed to allege anything more than a relationship of depositor to bank"). Counts 10 and 11 are therefore dismissed.

**6.**

The plaintiffs' claims of conversion and unjust enrichment claims alleged in Counts 13 and 14, see Am. Compl. ¶¶ 251-66, are duplicative of their breach of contract claims, and

therefore must be dismissed. See, e.g., Nissan Motor Acceptance Corp. v. Nemet Motors, LLC, No. 19-cv-3284, 2020 WL 4207533, at *2 (E.D.N.Y. July 22, 2020) (dismissing conversion claim); Parks v. Ainsworth Pet Nutrition, LLC, 377 F. Supp. 3d 241, 248-49 (S.D.N.Y. 2019) (dismissing unjust enrichment claim).

**7.**

In Count 16, the plaintiffs allege a cause of action for "accounting," but fail to allege any element to support this claim. See Am. Compl. ¶¶ 267-77; see also Fuller Landau Advisory Servs. Inc. v. Gerber Fin. Inc., 333 F. Supp. 3d 307, 315 (S.D.N.Y. 2018) ("Under New York law, there are four elements to a claim for equitable accounting: (1) a fiduciary relationship (2) entrustment of money or property (3) no other remedy and (4) a demand and refusal of an accounting."). The plaintiffs' claim must therefore be dismissed.

**8.**

In "Count 17", the plaintiffs demand $ 5,000,000 in damages "on each and every cause of action." See Am. Compl. ¶ 279, ¶¶ 278-80. The plaintiffs' demand for $5,000,000 is a prayer for relief, not a cause of action. See Williams v. Walsh, 558 F.2d 667, 671 (2d Cir. 1977) ("[C]ompensatory damages and punitive damages, most certainly do not themselves give rise to separate causes of action.").

## Conclusion

The Court has considered all of the arguments raised. To the extent not specifically addressed above, the arguments are either moot or without merit. For the foregoing reasons, the defendants' motions to dismiss are **granted** and the Amended Complaint is **dismissed with prejudice**. The Clerk is directed to close all pending motions and to close this case.

**SO ORDERED.**

**Dated:**   **New York, New York**
         **October 22, 2024**

_____
John G. Koeltl
**United States District Judge**